**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCUS MOORE,**<br>**1302 Manor Road**<br>**Yeadon, PA 19050**<br>**Plaintiff,** | : | **Civil Action No. 25-7322** |
| **v.** | : | **Complaint and Jury Demand** |
| **SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,**<br>**N 11th Street and Callowhill Street**<br>**Philadelphia, PA 19123**<br><br>**1234 Market Street**<br>**Philadelphia, PA 19107**<br>**Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Marcus Moore (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, brings this civil matter against Southeastern Pennsylvania Transportation Authority (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing at the above captioned address.
3. Upon information and belief, Defendant is a public transportation system with a location at N 11th Street and Callowhill Street, Philadelphia, PA 19123 and corporate headquarters located at 1234 Market Street, Philadelphia, PA 19107.
4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.
5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.
8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant

to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law and local ordinance claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff was domiciled in this judicial district, the Defendant provides services and maintains a location in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted any required administrative remedies under the ADA and the PHRA.

13. On or about June 12, 2024, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination as well as retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2024-07065 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 25, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA and PFPO claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1970.

21. On or about April 1, 2024, Defendant hired Plaintiff in the position of Bus Operator.

22. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF WAS SUBJECTED TO DISPARATE TREATMENT COMPARED WITH HIS YOUNGER COWORKERS

23. Upon his hire, Plaintiff began training with Samantha Richardson, Surface Instructor.

24. Plaintiff trained with two (2) other newly hired Bus Operators, Quinton Moad (late 20's) and Brandon Hopewell (early 30's).

25. Plaintiff was twenty (20) years older or more than Moad and Hopewell.

26. Throughout the training, Moad and Hopewell frequently used inappropriate language.

27. However, instead of reprimanding them, Richardson joined in with Moad and Hopewell, frequently swearing during the training.

28. On the other hand, Plaintiff always spoke to Richardson with respect and focused on picking up his training tasks efficiently.

29. Nonetheless, Richardson spoke to Plaintiff in a demeaning tone, reprimanding him for minor mistakes during the first few training sessions.

30. For example, when Plaintiff missed a turn on the route he was learning, Richardson verbally ridiculed Plaintiff.

31. However, when Moad and Hopewell missed a turn, Richardson did not say anything to them.

**PLAINTIFF WENT TO THE EMERGENCY ROOM DUE TO HIS DISABILITY**

32. On or about April 25, 2024, Plaintiff woke up with extreme dizziness.

33. Plaintiff has the serious medical condition of hypertension which is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

34. The major life activities affected by hypertension include, but are not limited to, concentrating, working and circulatory function.

35. Plaintiff called his work site, Defendant's Callowhill station.

36. Plaintiff reported to the phone system operator (name unknown) that he needed to call out of work to go to the Emergency Room.

37. The phone system operator approved Plaintiff's call out.

38. Plaintiff then went to Mercy Fitzgerald's Emergency Room for treatment.

**PLAINTIFF WAS PLACED ON A THREE (3) DAY MEDICAL LEAVE OF ABSENCE**

39. Amanda E. Meehan, Nurse Practitioner, performed bloodwork, an EKG and a CAT scan.

40. Meehan instructed Plaintiff to follow up with a Neurologist and placed him on a three (3) day medical leave of absence.

**PLAINTIFF INFOMRED DEFENDANT OF HIS MEDICAL LEAVE OF ABSENCE**

41. The next day, on or about April 26, 2024, Plaintiff called Defendant to inform it of his medical leave of absence and call out of work.

42. Plaintiff explained that he had a doctor's note to bring in for his three (3) day medical leave of absence.

**DEFENDANT INFORMED PLAINTIFF THAT HE DID NOT NEED TO SUBMIT HIS DOCTOR'S NOTE AND INSTRUCTED HIM TO CALL OUT EACH MORNING**

43. The Clerk (name unknown) that answered the call informed Plaintiff that he did not need to provide Defendant with a doctor's note unless he was out of work for over four (4) days.

44. The Clerk told Plaintiff to call out each morning instead of providing a doctor's note.

45. Plaintiff followed the instructions.

46. Plaintiff called Defendant each morning and told the phone system operator that he was out on a brief medical leave of absence as per Meehan's note.

**DEFENDANT TERMINATED PLAINTIFF**

47. On or about April 28, 2024, First Name Unknown ("FNU") Frazier, Chief, told Plaintiff that he would be terminated.

48. However, shortly after, Frazier retracted his statement.

49. Nonetheless, Plaintiff received a termination letter shortly later, stating that Plaintiff was terminated for missing too many days of his orientation.

50. The termination letter stated that Plaintiff's termination was effective April 25, 2024, the day Plaintiff went to Mercy Fitzgerald's Emergency Room for treatment.

51. No further explanation was provided to Plaintiff.

52. Defendant discriminated against Plaintiff due to his age and/or disability and retaliated against him for requesting a reasonable accommodation in violation of the ADEA, the ADA, the PHRA and the PFPO.

53. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

56. Plaintiff was qualified to perform the job.

57. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

58. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

59. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

60. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

61. The purported reason for Defendant's decision is pretextual.

62. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

63. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the interactive process.

64. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

65. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISABILITY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

66. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

67. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

68. Plaintiff was qualified to perform the job.

69. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

70. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

71. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

72. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

73. The purported reason for Defendant's decision is pretextual.

74. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

75. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

76. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION PHILADELPHIA FAIR PRACTICES ORDINANCE

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

79. Plaintiff was qualified to perform the job.

80. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

81. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

82. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse

employment actions.

83. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

84. The purported reason for Defendant's decision is pretextual.

85. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

86. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

87. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – AGE DISCRIMINATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

88. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

89. Plaintiff was born in 1970.

90. Plaintiff was qualified to perform the job.

91. Defendant terminated Plaintiff.

92. Defendant treated younger employees more favorably than Plaintiff.

93. Defendant has no legitimate non-discriminatory reason for its actions.

94. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

95. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

96. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

97. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – AGE DISCRIMINATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

98. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

99. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

100. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – RETALIATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

101. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

102. Plaintiff engaged in activity protected by the ADA.

103. Plaintiff requested a reasonable accommodation due to his disability to Defendant.

104. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

105. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VIII – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

106. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

107. Plaintiff engaged in activity protected by the PHRA.

108. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

109. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IX – RETALIATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

110. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

111. Plaintiff engaged in activity protected by the PFPO.

112. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

113. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Marcus Moore, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the ADEA, the PHRA and the PFPO.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law,

equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: December 24, 2025

**By:** ***/s/David M. Koller***
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*